By the Court,
Hitchcock, Judge.
The only question for determination in this case is, whether Samuel B. Wilgus, the pauper, had. acquired a legal settlement in Brownhelm, prior to March, 1836. The mode of acquiring such settlement is, by “ residing one year in any township of this state, without being warned by the overseers of the poor for said township to depart the same; or three years after *having been once so warned, without being again warned as aforesaid.” 29 O. L. 320. It is not pretended that Wilgus had ever-been warned to depart from the township of Brownhelm ; of course, iii before March, 1836, he had resided in that township one year, he had; gained a legal settlement. In order to gain such settlement, however,. I apprehend the residence must be continuous. It will not suffice that a person shall have been in a township four months in one year, four-months in another, and four months in a third. The residence must have continued for one entire year from the time of its commencement. In saying that the residence must be continuous, I would not be understood as intending that a person may not be occasionally absent, provided the intention to return be open and manifest. As if, for instance, an individual should go into a township, purchase property and take up his residence, or having a family, should, with his family take up his residence in such township, in either ease a settlement would be gained at the end, of the year, although the individual might have been absent for days or weeks.
*75 The residence must not only be continuous, it must also be open and notorious, and attended with such circumstances as to lead the authorities of the township in the exercise of proper vigilance, to the conclusion that there is an intention to gain a settlement.
In the case before the court, it appears that Wilgus, the pauper, was an unmarried man. In the fall of 1834, and after the close of navigation upon the lake, he took boarding at the house of Parsons, in Brownhelm. Previous to that time, if not afterwards, he appears to have been a transient person, having, sd far as we know, no fixed place-of residence. From the fall of 1834, to the following spring, he resided in Brownhelm, not to exceed one-half the time, and the balance-of the time was in the adjoining and neighboring townships. Upon the opening of navigation in the spring of 1835, he left the neighborhood, and continued absent until its close, late in the fall, with the exception of two occasional visits, not exceeding one day each. True, he left at Brownhelm a small box with some few articles of clothing, but there is nothing to show that this was a fact of general notoriety, or that it came to the knowledge of any of the township authorities. From the close of navigation in the fall of 1835, until 1836, he was- “ off and on” at Brownhelm and in the neighborhood.
In the opinion of a majority of the court, these facts do not prove such continuous, open and notorious residence as is necessary under the statute to entitle a person to a legal settlement.
*The verdict, therefore, must be set aside, and a judgment entered for the defendants.
Wood, J. dissented.